UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAXESJ KUMAR PATEL MANJULABEN, | Case No. 4:25-cv-02252 |
| Petitioner, | Judge J. Philip Calabrese |
| v. | Magistrate Judge James E. Grimes, Jr. |
| ICE, *et al.*, | |
| Respondents. | |

**OPINION AND ORDER**

Petitioner Daxesj Kumar Patel Manjulaben, an Indian citizen illegally present in the United States and in custody following an order of removal, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the following reasons, the Court **DISMISSES** the petition **WITHOUT PREJUDICE**.  Further, the Court **DENIES** a certificate of appealability.

**STATEMENT OF FACTS**

According to Petitioner, Mr. Patel entered the United States with no documentation in 2008 through the southern border.  (ECF No. 1, PageID #6.) Specifically, he claims that he did not have a passport from India, and that his consulate has not responded to his requests for travel documents.  (*Id.*)  In 2015 and 2016, Mr. Patel visited his consulate in Chicago to try to receive his travel documents, but the consulate allegedly told him that it could not provide the documents to him

at that time because they did not have any information about Mr. Patel in their database. (*Id.*)

On June 5, 2025, Petitioner claims that agents with Immigration and Customs Enforcement arrested Mr. Patel and told him that he would be released in 90 days, but over 120 days have passed. (*Id.*, PageID #6.) Mr. Patel is currently incarcerated at the Northeast Ohio Correctional Center. (*Id.*, PageID #1.)

In August 2025, ICE continued his detention and, according to the petition, told him that it would retrieve his travel documents from his consulate. (*Id.*, PageID #6; ECF No. 1-1.) In the decision to continue detention, the ICE deputy field office director informed Mr. Patel that "ICE is in receipt of or expects to receive the necessary travel documents to effectuate your removal, and removal is practicable, likely to occur in the reasonably foreseeable future, and in the public interest." (ECF No. 1-1, PageID #9.) Further, the director indicated that the Board of Immigration Appeals ordered Mr. Patel's removal, and that "[t]he Indian consulate is currently working on [travel documents] for you." (*Id.*) The decision emphasized that "[t]here is a significant likelihood that you will be removed in the reasonably foreseeable future." (*Id.*) Further, the decision informed Mr. Patel that, "[i]f you have not been released or removed from the United States at the expiration of the three-month period after this 90-day review, jurisdiction of the custody decision in your case will be transferred to the ICE Headquarters (ERO Removal Division)" in Washington, DC. (*Id.*, PageID #10.) The decision stated that the ERO Removal Division would then

2

conduct a "custody review and will make a determination regarding whether you will continue to be detained pending removal or may be released." (*Id.*)

On August 26, 2025, Mr. Patel submitted a detainee request form on which he claimed that his embassy will not provide his travel documents because they had no data about him and requested that he be released. (ECF No. 1-2, PageID #13.) ICE responded that it was still waiting for a response for Mr. Patel's travel documents and that his statement did not provide sufficient evidence on the issue. (*Id.*) Further, it informed him that a continued detention letter was sent to him earlier that month. (*Id.*) On September 7, 2025, Mr. Patel submitted another detainee request form on which he asked if there was any update on his case. (ECF No. 1-2, PageID #12.) ICE responded that it was still waiting for the travel documents to be issued, and that arrangements for Mr. Patel's departure from the United States could not be made until a valid travel document was received from his country. (*Id.*)

According to Petitioner, ICE cannot deport him until it has his travel documents. (ECF No. 1, PageID #6.) Petitioner claims that, although ICE provided him with an application to fill out, ICE has not taken Mr. Patel's picture for his travel documents, and he believes that his consulate will not issue his travel documents. (*Id.*, PageID #6.) Further, Petitioner claims that he has various medical conditions that ICE "needs to understand," and that medical treatment was poor in his facility. (*Id.*, PageID #7.) Mr. Patel wrote in his complaint that he was willing to be deported if ICE would obtain his travel documents. (*Id.*) Further, Mr. Patel indicated that he did not present any of the grounds for relief in any appeals that were available to

3

him, nor had he filed an appeal with the Board of Immigration Appeals. (*Id.*, PageID #4–7.)

## STATEMENT OF THE CASE

On October 21, 2025, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) His petition does not allege violations of any particular constitutional right, statute, or law. Instead, Petitioner alleges: (1) "I never had a passport"; (2) "illegally detained by ICE"; (3) "cooperating with ICE to issue my [travel documents]"; and (4) "health issues." (*Id.*, PageID #6–7.) Petitioner asks the Court to release him on an order of supervision with "strict conditions" such as GPS ankle monitors, periodic check-ins with ICE, and travel restrictions. (*Id.*, PageID #7.) Further, Petitioner wrote that after his release he is "willing to get deported if ICE will get [his] travel documents in the future." (*Id.*)

## ANALYSIS

Under 28 U.S.C. § 2243, a court shall forthwith issue a writ or order the respondent to show cause why a writ should not issue, "unless it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. This statute requires an initial screening of a petition. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). At this stage of the proceedings, a court accepts as true the allegations in the petition and construes them in favor of the petitioner. *Id.* "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

4

judge must dismiss the petition." Rule 4 of the Rules Governing Section 2254 Cases (applicable to petitions under Section 2241 through Rule 1(b)).

Pursuant to 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days," which is referred to as the removal period. "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). "The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure . . . subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). Under certain circumstances, the United States may detain an alien beyond the removal period. *Jiang Lu v. U.S. ICE*, 22 F. Supp. 3d 839, 842 (N.D. Ohio 2014) (citing 8 U.S.C. § 1231(a)(6)).

Detention of an alien is prohibited "once removal is no longer reasonably foreseeable . . . ." *Id.* (quoting *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001)). "Detention of an alien subject to a final order of removal for up to six months is presumptively reasonable given the time needed to accomplish the removal." *Id.* (citing *Zadvydas*, 533 U.S. at 701); *see also Zadvydas*, 533 U.S. at 699 (determining that, "[o]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute"). "If, after six months, the alien provides a good reason to believe there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to 'respond with evidence

5

sufficient to rebut that showing.'" *Id.* (quoting *Zadvydas*, 533 U.S. at 701). Further, "[m]erely alleging that a date for travel has not yet been set, is insufficient to demonstrate indefinite detention." *Id.* "Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003) (citations omitted). "[C]ourts have uniformly held that 'mere delay by the foreign government in issuing travel documents, despite reasonable efforts by United States authorities to secure them, does not satisfy a detainee's burden under *Zadvydas* to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Rawahna v. Attorney General of United States*, No. 1:18-cv-175, 2018 WL 3023438, at *3 (S.D. Ohio June 18, 2018) (collecting cases); *see also Mahad-Mire v. United States Attorney, General*, No. 1:16-cv-921, 2017 WL 124362, at *4 (S.D. Ohio Jan. 12, 2017).

In *Jiang Lu*, 22 F. Supp. 3d at 843–44, a detained alien received a written decision to continue his detention that indicated that ICE had requested travel documents on his behalf from the Chinese consulate in New York and "believed those travel documents would be issued in the near future." The petitioner received a second decision to continue months later that indicated that ICE was working with the Chinese government to procure travel documents and was again told that his removal to China "was expected to occur in the reasonably foreseeable future." *Id.* at 844. The court determined that "nothing in the Petition suggest[ed] that Petitioner's continued detention is unconstitutional. He has given no indication that China will refuse to issue travel documents and that his removal is no longer attainable."

6

Further, the court determined that the petitioner "fail[ed] to allege facts suggesting his detention will be 'indefinite' and 'potentially permanent.'" *Id.* (quoting *Zadvydas*, 533 U.S. at 690–91.)

So too here. Petitioner provides no indication that the Indian consulate would not procure travel documents for him aside from a second-hand claim that he is not in their database. (ECF No. 1, PageID #6.) He alleges no specific constitutional or statutory violations. Further, although the date of the final order of removal is unclear, Petitioner has been detained since June 5, 2025, meaning that he has been detained for fewer than six months, which is "presumptively reasonable." *Jiang Lu*, 22 F. Supp. 3d at 842 (citing *Zadvydas*, 533 U.S. at 701). Therefore, the burden does not shift to the United States to demonstrate that there is a significant likelihood of deportation in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. Unlike the petitioner in *Jiang Lu*, Mr. Patel's detention has only been continued once, and ICE has repeatedly responded to his requests for an update that it was still in the process of obtaining his travel documents. (ECF No. 1-2.)

For these reasons, the Court determines that Petitioner has failed to demonstrate that his detention is indefinite and potentially permanent. *Zadvydas*, 533 U.S. at 690–91. Therefore, the Court **DISMISSES** the petition **WITHOUT PREJUDICE**.

## CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1). Issuance of a certificate of

appealability requires a petitioner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the petitioner must show that reasonable jurists could find the district court's determination of the relevant constitutional claims debatable or incorrect. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). The petitioner need not show that the appeal would succeed to be eligible for a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Because precedent from the Sixth Circuit and Supreme Court leaves no doubt about the proper disposition on the facts and circumstances presented, the Court determines that reasonable jurists could not fairly debate that Petitioner has failed to demonstrate that his detention is indefinite and potentially permanent. For these reasons, the Court **DENIES** a certificate of appealability for Petitioner for all grounds for relief.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the petition for a writ of habeas corpus **WITHOUT PREJUDICE**. Further, the Court **DENIES** a certificate of appealability for all grounds for relief.

**SO ORDERED.**

Dated: October 22, 2025

                                           J. Philip Calabrese
                                           United States District Judge
                                           Northern District of Ohio